**IN THE COURT OF APPEALS OF IOWA**

No. 18-1827
Filed March 18, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRAEDON STEVEN BOWERS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Colleen Weiland, Judge.

A defendant appeals his conviction for voluntary manslaughter. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

The State charged Braedon Bowers with murder in the first degree in the stabbing death of Wraymond Todd. A jury convicted Bowers of the lesser included offense of voluntary manslaughter. He appeals that conviction, contending his trial counsel was ineffective for not arguing he was entitled to judgment of acquittal based on justification. Because the State presented sufficient evidence to disprove justification, Bowers cannot show prejudice. We thus affirm Bowers's voluntary manslaughter conviction.

## I.     Facts and Prior Proceedings

A frantic caller told the 911 operator: "Wraymond got stabbed in the heart. We need an ambulance right now." The caller added: "Braedon stabbed him." As defense counsel told the jury in opening statements, the May 2017 stabbing was never a "whodunit." Rather, the key question was whether Bowers killed Todd in self defense.

The bad blood between Bowers and Todd began with a young woman, T.B. At different points in time, T.B. maintained a romantic relationship with each of them. Tragically, in the fall of 2014, T.B. lost her son to SIDS. Five days before the stabbing, Bowers insulted T.B. in a text message, writing that her son's death was "karma" and "Karma is a bitch." The text angered T.B., who shared her feelings with Todd. Todd responded: "[I]f you want Braedon beat up, let me know. You can't keep letting him talk to you like that."

On May 30, Todd, T.B., and others gathered at the home of Bowers's mother to help her haul trash to the landfill. They parked two pickups in the driveway to fill with garbage. Bowers stopped by early that afternoon and asked

Todd and T.B.: "Why are you here? Why don't you get your own mom?" Bowers then left, angry. But he came back about ten minutes later.

When Bowers returned, Todd was sitting on the second pickup's back bumper. T.B. recalled Bowers speeding toward that pickup—"It seemed he almost hit Wraymond. Wraymond then jumped over the [oncoming] vehicle to stop himself from being hit." Another witness believed Bowers's car would have crushed Todd if he hadn't jumped onto the hood of Bowers's car. When Bowers parked and opened the car door, T.B. saw a knife in his hand.

Todd landed the first blow, striking Bowers in the head. Bowers dropped to his knees and then "started throwing punches" at Todd, according to another witness. Onlookers tried to intervene to break up the fight. By then, Todd was lying on the ground, bleeding. Bowers fled the scene.

Todd—who was twenty-three years old—died at the hospital five days later. Bowers—who was twenty years old—faced first-degree murder charges, filed in June 2017. In May 2018, Bowers notified the court of his intent to rely on the defense of justification.

The murder prosecution went before a jury in August 2018. In its opening statement, the State contended Bowers "ambushed" Todd. To counter, the defense attorneys asserted Bowers acted with justification, or, at a minimum, responded to serious provocation from Todd. The jury accepted that second line of defense and returned a verdict of voluntary manslaughter. *See* Iowa Code § 707.4 (2017). Bowers appeals.

## II.      Scope and Standards of Review

We review ineffective-assistance-of-counsel claims de novo.  *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019).  But when the defendant contends counsel was ineffective for failing to move for judgment of acquittal on a certain ground, that contention implicates the question whether such a motion would have been meritorious, which turns on the sufficiency of evidence.  *Id.*  We review sufficiency-of-the-evidence claims for corrections of errors at law.  *Id.*

## III.     Analysis

Bowers contends the State failed to offer sufficient proof to overcome his justification defense.  Bowers acknowledges counsel did not argue justification as part of the motion for judgment of acquittal.[1]  But he claims counsel was ineffective for not doing so.[2]  To succeed, Bowers must prove by a preponderance of the evidence counsel failed to perform an essential duty and that failure prejudiced his case.  *See Strickland v. Washington,* 488 U.S. 668, 687 (1984).

Bowers cannot show he was prejudiced by counsel's omission when moving for judgment of acquittal because the State presented ample evidence to

---

[1] In moving for judgment of acquittal, defense counsel argued the State had not proven the elements of first-degree murder, second-degree murder, or attempted murder.  Counsel did not mention justification in his motion to the court.  But in his closing argument, counsel told the jury, "[Y]our starting point is voluntary manslaughter. . . .  But I'm not asking you to find him guilty of voluntary manslaughter.  What I'm telling you is he was justified."

[2] We often preserve such claims for postconviction-relief proceedings.  *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015).  But, for now, we may address them on direct appeal when the record is adequately developed to do so.  *Id.*  Our supreme court decided recent amendments to Iowa Code section 814.7 (prohibiting resolution of ineffective-assistance-of-counsel claims on direct appeal) apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019.  *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

counteract his justification defense. *See State v. Crone*, 545 N.W.2d 267, 273 (Iowa 1996) (rejecting claim counsel was ineffective for failing to challenge certain elements in motion for judgment of acquittal when record revealed sufficient evidence). A defendant cannot prevail on a self-defense claim if the State proves any of these elements: (1) the defendant started or continued the incident which resulted in death, (2) an alternative course of action was available to the defendant, (3) the defendant did not believe he was in imminent danger and the use of force was unnecessary, (4) the defendant did not have reasonable grounds for the belief, or (5) the force used was unreasonable. *State v. Shanahan*, 712 N.W.2d 121, 134 (Iowa 2006).

Here, the State offered evidence Bowers started the violent confrontation by trying to crush Todd against the truck's bumper. A reasonable fact finder could also determine from the State's evidence that Bowers had an alternative course of action available—leaving the scene in his car. Beyond that initial foray, as the State contends, "The biggest problem with Bowers's challenge is that he brought a knife to a fistfight—he used lethal force without any indication that he faced danger that made it reasonably necessary to stab Todd." *See State v. Hall,* No. 15–0628, 2016 WL 2748358, at *4 (Iowa Ct. App. May 11, 2016) (finding "jury was entitled to conclude from the evidence that Hall escalated the level of force beyond what was reasonable under the circumstances"). The evidence the State offered amply shows the force Bowers used under the circumstances was unreasonable. On this record, Bowers cannot show he was prejudiced by counsel's handling of the motion for judgment of acquittal. We find no basis to disturb the jury's verdict.

In addition, Bowers maintains he was prejudiced by counsel's failure to argue the instructions mistakenly informed the jury that justification was not a defense to involuntary manslaughter. But because the State disproved his justification defense beyond a reasonable doubt, he suffered no prejudice from excluding that defense from the jury's consideration of the lesser included offense of involuntary manslaughter.

**AFFIRMED.**